An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GAMETECH INTERNATIONAL, INC.,
A DELAWARE CORPORATION,
Appellant,
vs.
VKGS, LLC, A DELAWARE LIMITED
LIABILITY COMPANY,
Respondent.

No. 59243

FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a contract action. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant appeals the district court's summary judgment against it on its cause of action for tortious interference with contractual relations against respondent. Appellant asserts that there are sufficient questions of material fact to preclude summary judgment. Alternatively, appellant argues that the district court improperly denied its request for a continuance, under NRCP 56(f), to conduct more discovery before ruling on the summary judgment motion.

Summary judgment is appropriate when there is no genuine issue of material fact, and thus, the moving party is entitled to judgment as a matter of law. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). To avoid summary judgment once the movant has properly supported the summary judgment motion, the nonmoving party may not rest upon general allegations and conclusions, but must instead set forth by affidavit or otherwise specific facts demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 731, 121 P.3d

at 1030-31; NRCP 56(e). This court reviews an order granting summary judgment de novo. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Having reviewed the briefs and appendices on appeal, we conclude that the district court properly granted summary judgment. The parties stipulate that Illinois law governs appellant's cause of action. Under Illinois law, a plaintiff must establish the following factors to prove a claim for tortious interference with a contract:

> (1) the existence of a valid, enforceable contract between the plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional and unjustified inducement of the third party to breach the contract; (4) a subsequent breach by the third party resulting from defendant's wrongful conduct; and (5) damages suffered by the plaintiff as a result of the breach.

*Strosberg v. Brauvin Realty Servs., Inc.*, 691 N.E.2d 834, 845 (Ill. App. Ct. 1998). If a plaintiff fails to establish any of the necessary elements, summary judgment is appropriate. *In re Estate of Albergo*, 656 N.E.2d 97, 103 (Ill. App. Ct. 1995).

In seeking summary judgment, respondent argued that appellant could not demonstrate that respondent had induced the third party to breach the third party's contract with appellant. "Establishing inducement . . . requires some active persuasion, encouragement, or inciting that goes beyond merely providing information in a passive way." *Id.* (internal quotation omitted). We agree with respondent's contention that appellant failed to set forth any issue of material fact to demonstrate that respondent induced a breach of contract by the third party. As a result, summary judgment was appropriate. *Id.*; *see also Wood*, 121 Nev. at 729, 731, 121 P.3d at 1029, 1030-31. We also reject appellant's

contention that the district court abused its discretion in denying its NRCP 56(f) motion for a continuance, as appellant failed to adequately demonstrate that additional discovery was necessary or that it would provide any basis for avoiding summary judgment. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (stating that this court reviews a denial of a motion for a continuance under NRCP 56(f) for an abuse of discretion and that such a motion "is appropriate only when the movant expresses how further discovery will lead to the creation of a genuine issue of material fact").

Finally, appellant challenges the district court's order awarding attorney fees and costs. We review such an award for an abuse of discretion. *McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 673, 137 P.3d 1110, 1129 (2006). The district court awarded attorney fees and costs under NRCP 68 and NRS 17.115, as appellant did not obtain a judgment in excess of respondent's offer of judgment to appellant. Appellant contends that the award was excessive for the amount of work done. Appellant fails, however, to provide any argument detailing what portion of respondent's attorney fees or costs was improper or excessive and we perceive no abuse of discretion in the district court's award. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Robert G. Berry, Settlement Judge
Fennemore Craig Jones Vargas/Reno
Downey Brand LLP
Washoe District Court Clerk